IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SMJ TOWING, INC., STEVEN JERITSKI, )
DAVID BROWN, and RON COHEN, )
                                             )
      Plaintiffs,              )
                                             )
         v.                     )
                                             )    Case No. 05 C 3020
VILLAGE OF MIDLOTHIAN, ILLINOIS )
VINCE SHAVONE, TERRY SULLIVAN, )
MATTHEW KNEELAND, DANIEL )
DELANEY, DETECTIVE RICH BELL, )
DETECTIVE HAL KAUFFMAN, JR., )
SERGEANT TOM STEEL, PATROL )
COMMANDER JOHN WINKLE, )
SERGEANT MIKE AMREIN, and others, )
                                             )
      Defendants.           )

## **MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiffs SMJ Towing, Inc. ("SMJ Towing"), Steven Jeritski, David Brown, and Ron Cohen filed a five-count First Amended Complaint against Defendants Village of Midlothian, Illinois, Vince Shavone, Terry Sullivan, Matthew Kneeland, Daniel Delaney, Detective Hal Kauffman, Jr., Sergeant Tom Steel, Patrol Commander John Winkle, Sergeant Mike Amrein, and other unknown officers, agents, and detectives of the Village of Midlothian Police Department, both individually and in their official capacities. Before the Court is the Defendants' Partial Motion to Dismiss SMJ Towing's claims in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed below, the Court grants in part and denies in part Defendants' Partial Motion to Dismiss.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Centers*, 398 F.3d at 333.

## BACKGROUND

### I. Parties

Plaintiff Steven Jeritski owns SMJ Towing, Inc., an Illinois corporation with its headquarters in Harvey, Illinois. (R. 33-1; Pls.' First Am. Compl. ¶¶ 1, 2.) SMJ Towing is in the business of relocating trespassing vehicles from private property to its impound lot in Harvey, Illinois. (*Id.*) SMJ Towing has been a licensed commercial relocator since 1998 and has complied with all relocation towing industry laws and regulations under that license. (*Id.* ¶¶ 12, 14.) As a licensed commercial relocator, SMJ Towing owns numerous contracts to remove unauthorized and trespassing vehicles from private properties within a 10-mile radius of SMJ Towing's impound lot. (*Id.* ¶ 13.) Once removed, SMJ Towing transports the vehicles to its impound lot, and the vehicle owners must then pay towing and storage fees to recover their vehicles. (*Id.*) SMJ Towing conducts some of its relocation towing business within the municipal boundaries of Midlothian. (*Id.*)

Defendant Village of Midlothian, Illinois is an Illinois municipality that employed Defendants Vince Shavone, Terry Sullivan, Matthew Kneeland, Daniel Delaney, Hal Kauffman, Jr., Tom Steel, John Winkle, Mike Amrein, and other unknown police personnel at the Midlothian Police Department during all times relevant to the allegations in Plaintiffs' First Amended Complaint. (*Id.* ¶¶ 3-5.) All of the Midlothian Police Department employees were acting under the color of state law during the relevant time period. (*Id.* ¶¶ 4, 5.)

## II. SMJ Towing's Claims

On September 8, 2005, Plaintiffs filed their First Amended Complaint against Defendants. Therein, Plaintiffs allege that despite SMJ Towing's legitimate operations in the municipal boundaries of Midlothian, "Defendants have implemented an unwritten practice, procedure, and course of conduct aimed at SMJ Towing, which has the improper and illegal purpose of preventing SMJ Towing from conducting its lawful relocation activities within Midlothian for which it was licensed." (*Id.* ¶ 15.) Further, Plaintiffs allege that Vince Shavone and other Midlothian Police Department employees have "designed, approved, and/or countenanced" this unwritten practice and conduct. (*Id.*) These allegations are based upon numerous incidents and statements involving the Midlothian Police Department and its employees occurring between January 2004 and February 2005. (*Id.* ¶¶ 15-26.)

Relevant to this Motion to Dismiss are Counts I, III, and V of the First Amended Complaint. In Count I, SMJ Towing alleges that Defendants violated its constitutional right to procedural due process under the Fourteenth Amendment. (*Id.* ¶¶ 29-34.) Count III alleges that Defendants violated SMJ Towing's constitutional right to equal protection under the Fourteenth Amendment. (*Id.* ¶¶ 42-46.) Last, in Count V, SMJ Towing alleges that Defendants defamed it in violation of Illinois common law. (*Id.* ¶¶ 52-59.)

3

## ANALYSIS

**I.  Procedural Due Process Claim (Count I)**

In Count I of their First Amended Complaint, Plaintiffs allege that Defendants have intentionally or recklessly deprived SMJ Towing of its property interest in its relocator's license and its authority to legally relocate trespassing vehicles covered by its contracts.  SMJ Towing also alleges that there are no adequate state law remedies to compensate it for the Defendants' interference with its use and enjoyment of these property interests.

A party asserting a procedural due process claim must allege that (1) a state actor deprived the party of a protected interest, and (2) the deprivation occurred without due process of the law.  *See Brooks v. University of Wis. Bd. of Regents*, 406 F.3d 476, 481 (7th Cir. 2005); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).  When property rights are involved, the due process clause is not violated if a meaningful post-deprivation remedy for the loss is available to the plaintiff.  *See Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003). Thus, where state remedies exist, a party must either avail himself to the remedies guaranteed by state law or demonstrate that these remedies are inadequate.  *Doherty*, 75 F.3d at 323.

Assuming, *arguendo*, that SMJ Towing is asserting a protected property interest, the Court must still dismiss this procedural due process claim because adequate state remedies are available to SMJ Towing.  *See Veterans Legal Def. Fund*, 330 F.3d at 941(dismissing plaintiffs' procedural due process claim because plaintiffs did not deny the availability of state remedies or provide a coherent argument why the remedies would be inadequate); *Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002) (dismissing plaintiff's procedural due process claim because adequate state remedies existed).

Here, Defendants contend that the state remedy of tortious interference with contract is an adequate remedy. SMJ Towing does not argue that a claim based on the tortious interference of its contracts is not an adequate remedy, but that only injunctive relief and compensatory damages can justifiably make it whole. SMJ Towing, however, fails to explain why it cannot bring an action for both injunctive relief and compensatory damages based on the tortious interference of a contract in Illinois state court. Indeed, such practice is not uncommon. *See, e.g., Garibaldi v. Applebaum,* 194 Ill.2d 438, 442, 252 Ill.Dec. 29, 742 N.E.2d 279 (2000); *Delta Med. Sys. v. Mid-America Med. Sys., Inc.*, 331 Ill.App.3d 777, 781, 265 Ill.Dec. 397, 772 N.E.2d 768 (Ill.App.Ct. 2002). Therefore, the Court dismisses Count I with prejudice because SMJ Towing has an adequate state law remedy.

## II.     Equal Protection Claim (Count III)

In Count III of their First Amended Complaint, SMJ Towing alleges that Defendants have undertaken "a conscious and deliberate pattern and policy" of harassment against SMJ Towing which has "no rational basis," because Defendants treat SMJ Towing differently than other comparable towing companies that operate in Midlothian. (R. 33-1; Pls.' First Am. Compl. ¶¶ 44-46.) That "conscious and deliberate pattern and policy" of harassment against SMJ Towing includes arresting, ticketing, or detaining SMJ Towing employees, and "referring to [SMJ Towing] in a disparaging and defamatory manner." (*Id.*)

Defendants first argue that SMJ Towing is actually seeking to assert the equal protection rights of its employees, and thus SMJ Towing lacks standing to assert the equal protection claim. Defendants also argue that Plaintiffs have not pled a sufficient "class of one" equal protection claim because SMJ Towing has not alleged how other towing operators were similarly situated and treated differently and how that differential treatment was irrational or wholly unrelated to

5

any legitimate governmental purpose.

### A. SMJ Towing's Standing

Under the constitutional doctrine of standing, the Court must determine whether SMJ Towing is entitled to have the Court resolve its grievance. *Kowalski v. Tesmer*, 543 U.S. 125, 125 S. Ct. 564, 567, 160 L.Ed.2d 519 (2004). "This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Id.* (citation omitted). One of those prudential limitations is that "a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* A corporation, however, may bring its own equal protection claim. *See Discovery House, Inc. v. Consolidated City of Indianapolis*, 319 F.3d 277, 282 (7th Cir. 2003).

In this case, SMJ Towing has standing because it is asserting the equal protection claim on its own behalf, as opposed to its employee's behalf. This is apparent from Plaintiffs' First Amended Complaint, which focuses on SMJ Towing's damages resulting from Defendants' unequal treatment of SMJ Towing as a company in comparison with other towing companies. (R. 33-1; Pls.' First Am. Compl. ¶¶ 44-46.) Further, insofar as SMJ Towing's equal protection claim relies on incidents involving its employees, SMJ Towing is only concerned with the impact those incidents have on SMJ Towing, not the individual employees. Accordingly, SMJ Towing has standing to assert its equal protection claim.

### B. SMJ Towing's "Class of One" Equal Protection Claim

"[T]he Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). To successfully plead a "class of one" claim, a plaintiff must allege "that she has been intentionally

treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* Under the "no rational basis test," the plaintiff need only allege that the difference in the state actor's treatment is "irrational and wholly arbitrary." *Tuffendsam v. Dearborn Cty. Bd. of Health*, 385 F.3d 1124, 1127 (7th Cir. 2004) (citing *Olech*, 528 U.S. at 564).

Here, SMJ Towing has sufficiently alleged that Defendants treated SMJ Towing differently than other similarly situated towing companies. First, SMJ Towing alleges that Defendants have not disparaged or defamed other towing companies, and have not arrested, ticketed, or detained employees of other towing companies, even though the "other towing companies operate in a manner comparable to SMJ Towing by removing trespassing vehicles from private property." (R. 33-1; Pls.' First Am. Compl. ¶¶ 44, 46.) More specifically, SMJ Towing alleges an incident on February 14, 2005 where Defendants prohibited SMJ Towing from lawfully towing a vehicle and improperly arrested SMJ Towing's driver, while at the same time refusing to cite a different towing company for equipment violations. (*Id.* ¶ 25.) These allegations are sufficient at this stage of the proceeding to establish a "class of one" equal protection claim. *See McDonald v. Village of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004) (whether individuals similarly situated is factual question for jury).

SMJ Towing has also satisfied the second prong of properly alleging its "class of one" equal protection claim, namely, that there was no rational basis for the difference in treatment. *Olech,* 528 U.S. at 564. SMJ Towing satisfies the no rational basis test by alleging that its operations conform to the regulations and statutes of the State of Illinois as administered by the Illinois Commerce Commission, and its operations are comparable to the operations of other relocation towing companies engaged in business within Midlothian. (R. 33-1; Pls.' First Am.

7

Compl. ¶ 46.) Accordingly, SMJ Towing has sufficiently alleged a "class of one" equal protection claim. *See Olech,* 528 U.S. at 565. The Court thus denies Defendants' Motion to Dismiss Count III.

### III.    Illinois Common Law Defamation Claim (Count V)

In Count V of their First Amended Complaint, SMJ Towing alleges that Detective Hal Kauffman, Jr. ("Kauffman") and other unknown officers made defamatory statements about SMJ Towing on December 15, 2004 and other unknown dates that have substantially damaged SMJ Towing's relationship with several of its customers and have also impaired SMJ Towing's reputation. (R. 33-1; Pls.' First Am. Compl. ¶¶ 52-59.) The statements at issue are Kauffman's statement to a SMJ Towing customer that "SMJ was involved in the illegal drug trade," and statements by other Midlothian police personnel that SMJ Towing is a "criminal enterprise" and that "SMJ employees have been arrested for possession of illegal narcotics." (*Id.* ¶¶ 24, 26.)

According to Plaintiffs, these statements are defamatory because (i) they "explicitly accuse SMJ Towing of being involved in criminal actives," (ii) Kauffman and the unknown officers "published [the statements] to third parties, namely SMJ customers," (iii) Kauffman and the unknown officers made the statements "with knowledge of their falsity or in reckless disregard of whether they were true or false," (iv) Kauffman and the unknown officers did not make the statements "during the course of police investigations or other official activities," (v) "[t]here is absolutely no truth to the statements," and (vi) Kauffman and the unknown officers made the statements "with a direct intention to injure SMJ Towing, a reckless disregard of SMJ's rights, and/or a reckless disregard of the consequences that have resulted to SMJ." (*Id.* ¶¶ 54-58.)

### A. Illinois Tort Immunity Act

Defendants first argue that Midlothian cannot be liable for defamation because the Illinois Tort Immunity Act specifically provides absolute immunity to local public entities. The Court agrees. Section 107 of the Illinois Tort Immunity Act provides that, "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous." 745 ILCS 10/2-107; *see also Hood v. Illinois High Sch. Assoc.,* 359 Ill.App.3d 1065, 296 Ill.Dec. 585, 835 N.E.2d 939, 940 (Ill.App.Ct. 2005). Because Midlothian is a local public entity under the Act, a point which SMJ Towing does not challenge, the Court dismisses Defendant Midlothian from SMJ Towing's Illinois common law defamation claim under Count V.

### B. Defamation Claim Against Other Defendants

Next, Defendants argue that SMJ Towing cannot recover for defamation because SMJ Towing failed to allege, with specificity, the slanderous comments for which it seeks to recover. Under Illinois law, "[a] statement is defamatory if it tends to cause harm, which lowers the reputation of a person in the community or deters others from associating with her." *Knafel v. Chicago Sun-Times, Inc.,* 413 F.3d 637, 639 (7th Cir. 2005) (citing *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201 (1992)). To establish an Illinois common law defamation claim, a plaintiff must allege "that the defendant made a false statement about her; that the defendant caused an unprivileged publication of the statement to a third party; and that the publication of the statement harmed her." *Knafel,* 413 F.3d at 639 (citing *Parker v. House O'Lite Corp.*, 324 Ill.App.3d 1014, 258 Ill.Dec. 304, 756 N.E.2d 286 (2001)).

There are two types of defamation under Illinois law – defamation *per se* and defamation *per quod*. *Knafel,* 413 F.3d at 639. "Statements are considered defamatory *per quod* if the

9

defamatory character of the statement is not apparent on its face, and extrinsic facts are required to explain its defamatory meaning." *Kolegas,* 154 Ill.2d at 10. Alternatively, statements are considered defamatory *per se* "when the defamatory character of the statement is apparent on its face; that is, when the words used are so obviously and materially harmful to the plaintiff that injury to his reputation may be presumed." *Id.*

### 1.     Pleading Requirements

Defendants rely on Illinois procedural law in arguing that SMJ Towing has not pled its defamation claim with specificity. It is well-established, however, that the Federal Rules of Civil Procedure – not state procedural rules – govern diversity actions and state law claims brought in federal court through supplemental jurisdiction. *See Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,* 412 F.3d 745, 750 (7th Cir. 2005); *Houben v. Telular Corp.,* 309 F.3d 1028, 1032-36 (7th Cir. 2002). Because the Court's jurisdiction over SMJ Towing's common law defamation claim is pursuant to supplemental jurisdiction under 28 U.S.C. § 1367, the defamation claim must comply with the liberal federal notice pleading requirements governed by Federal Rule of Civil Procedure 8(a)(2).

Rule 8(a)(2) states that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47. SMJ Towing has satisfied the liberal notice pleading requirements putting Defendants on notice of its claims and the facts that support its claims. Specifically, in paragraph 24 of the First Amended Complaint, SMJ Towing identifies the content, date, and parties involved with the statement. (R. 33-1; Pls.' First Am. Compl. ¶ 24.) Further, although SMJ Towing has not alleged the exact dates or the exact parties involved with the statements in paragraph 26 of the

First Amended Complaint, SMJ Towing does allege the content of the statements as well as some detail about the parties and time period, which is sufficient under Rule 8(a)(2). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues").

### 2. Statements of Opinion or Criticism

Last, Defendants contend that SMJ Towing improperly seeks to recover damages for mere criticism and opinions. Under Illinois law, expressions of opinion do not constitute actionable defamation. *Wynne v. Loyola Univ. of Chicago,* 318 Ill.App.3d 443, 452, 251 Ill.Dec. 782, 741 N.E.2d 669 (Ill.App.Ct. 2000); *see also Milkovich v. Lorain Journal,* 497 U.S. 1, 19, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990) ("the First Amendment mandates an inquiry into whether a statement is 'opinion' or 'fact,' and that only the latter statements may be actionable"). "[T]he question of whether a statement of opinion is actionable as defamation is one of degree; the vaguer and more generalized the opinion, the more likely the opinion is nonactionable as a matter of law." *Wynne,* 318 Ill.App.3d at 452.

Here, Defendants claim that SMJ Towing is impermissibly seeking to recover for mere criticisms and opinions. As stated above, the statements at issue are Kauffman's statement to a SMJ Towing customer that "SMJ was involved in the illegal drug trade," and statements by other Midlothian employees that SMJ Towing is a "criminal enterprise" and that "SMJ employees have been arrested for possession of illegal narcotics." (R. 33-1; Pls.' First Am. Compl. ¶¶ 24, 26.) These statements are not protected opinions because they are precise, readily understood, and susceptible of being verified as true or false. *See Lifton v. Bd. of Ed. of the City of Chicago*, 416 F.3d 571, 579 (7th Cir. 2005) (citing *Wynne,* 318 Ill.App.3d at 451-52.)

Accordingly, the Court will not dismiss SMJ Towing's Illinois common law defamation claim against Kauffman and other unknown officers.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss SMJ Towing's procedural due process claim with prejudice, denies Defendant's Motion to Dismiss SMJ Towing's equal protection claim, grants in part Defendant's Motion to Dismiss SMJ Towing's Illinois common law defamation claim with respect to Midlothian with prejudice, and denies Defendant's Motion to Dismiss SMJ Towing's Illinois common law defamation claim with respect to Detective Hal Kauffman, Jr. and other unknown police personnel.

Dated: December 16, 2005

                                          **ENTERED**

                                          **AMY J. ST. EVE**
                                          **United States District Court Judge**